IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. AND AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY | § § § § § § | |
| | § | Civil Action No. 4:14-cv-01008 |
| Plaintiffs, | § § | |
| v. | § § | |
| TEXAS BRINE COMPANY, LLC | § § | Judge:  Kenneth M. Hoyt |
| Defendants. | § | |

**TEXAS BRINE COMPANY, LLC'S
REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR,
ALTERNATIVELY, TO STAY PROCEEDINGS**

National Union Fire Insurance Company of Pittsburgh, Pa. and American International Specialty Lines Insurance Company (collectively, "AIG") asserted no valid reason in their Response[1] for this Court to expend its limited judicial resources on this duplicative suit when the issues can be fully litigated in the pending state court litigation in Assumption Parish, Louisiana where the sinkhole underlying the litigation arose.

AIG stated in its Response that it was directing the Court's attention to *St. Paul v. Trego*[2] and *Sherwin-Williams Co. v. Holmes County*.[3] Texas Brine Company, LLC ("Texas Brine") already brought those cases to the Court's attention and specifically cited them when stating that the Fifth Circuit has identified seven non-exclusive factors in determining whether the *Brillhart-*

---

[1] Plaintiffs' Response to Defendant's Motion to Dismiss or, Alternatively, to Stay Proceedings, Rec. Doc. No. 9.
[2] 39 F.3d 585 (5th Cir. 1994).
[3] 343 F.3d 383 (5th Cir. 2003).

*Wilton* abstention doctrine applied.[4] Texas Brine previously addressed the factors set forth in *St. Paul* and *Sherwin-Williams*, and those factors weigh heavily in favor of abstention.[5] Without reiterating each factor, Texas Brine briefly addresses AIG's misleading arguments below.

AIG claims that there are no inequities in allowing this suit to proceed in this Court.[6] Allowing AIG's suit to proceed here, however, would result in significant inequities to Texas Brine because it would affect the pending state court suits and create the risk of inconsistent adjudications. Notably, this Court would need to render a judgment without the facts of the underlying suits being fully developed.

AIG claims that this suit involves only a question of law and that the testimony of witnesses in Louisiana is not necessary.[7] AIG claims the matters can be resolved by "stipulated facts and an analysis of the applicable coverage law" and the only necessary parties are representatives of Plaintiffs because "Defendant can supply the facts that this Court will need."[8] This suit cannot be resolved as simply as AIG contends and the reason is simple: AIG asks the Court to declare not only that it has no duty to defend Texas Brine, but also that it has no duty to *indemnify* Texas Brine "for any loss of damage arising out of the sinkhole and its aftermath."[9] In this Circuit, the issue of whether an insurer has a duty to indemnify its insured turns not only on the policy language and complaint, but on the adjudication of facts in the underlying litigation. *See, e.g.*, *Lexington Ins. Co. v. St. Bernard Parish Gov't*, 548 Fed. App'x 176, 180-81 (5th Cir. 2013) (citing *Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 871-73, 877 (5th Cir. 2009) (finding that ruling on the scope of the insurer's duty to indemnify requires the court to apply the

---

[4] Texas Brine's Memorandum in Support of Motion to Dismiss or, Alternatively, to Stay Proceedings, Rec. Doc. No. 5-1, at p. 2, n. 3 and p. 7, n. 16.
[5] *Id.* at 7-14.
[6] AIG's Response, Rec. Doc. No. 9-1, at 6.
[7] *Id.* at 7.
[8] *Id.* at 6.
[9] *See* Compl., Rec. Doc. No. 1, at 7.

policy to "evidence adduced at the underlying liability trial")). Texas Brine cannot supply the facts because all the facts have not yet been developed. This Court would need to wait on the pending state court actions for this suit to proceed, thus wasting judicial resources, or, as stated above, render a judgment without the benefit of the underlying facts, which would be inequitable and potentially inconsistent. Neither is an efficient or fair solution.

AIG incorrectly claims that it would not be a waste of judicial resources or a burden on the parties to proceed in this Court. Yet Texas Brine is already involved in multiple lawsuits in Louisiana, some of which were already consolidated. AIG's attempt to maintain this outlier suit in Texas—a forum that has no connection to the underlying sinkhole—rather than in Louisiana is unnecessary and burdensome.[10] The acts underlying the coverage dispute took place in Assumption Parish, Louisiana and allowing AIG to proceed in this unrelated forum would be extremely inconvenient for the parties and witnesses because it would force them to attend duplicative proceedings, to engage in duplicative discovery, and to litigate duplicative issues. Moreover, there would be a risk of inconsistent adjudications. This Court should abstain and allow the Louisiana state court alone to preside over the dispute between Texas Brine and AIG. The Louisiana state court is more than capable of fully litigating the matters in controversy. In addition, it would be a more efficient use of judicial resources to allow these claims to proceed solely in Louisiana: AIG's claims involve the same exact matters already set forth in the pending state court suits, and the underlying facts and parties necessary for adjudication of AIG's claims are present in Louisiana.

---

[10] AIG states that Texas Brine is already defending a coverage suit in this Court, but that suit has a pending Motion to Dismiss based on lack of diversity jurisdiction.

For these reasons and reasons set forth in Texas Brine's original memorandum, this Court should dismiss AIG's case or, alternatively, stay their case pending the underlying state court litigation.

                Respectfully submitted,

                /s/ Eric J. Mayer_____
                Eric J. Mayer
                State Bar No. 13274675
                S.D. Adm. # 09698
                emayer@susmangodfrey.com
                SUSMAN GODFREY L.L.P.
                1000 Louisiana Street, Suite 5100
                Houston, Texas 77002-5096
                Telephone: (713) 651-9366
                Fax: (713) 654-6666
                Attorney-in-Charge for
                Texas Brine Company, LLC

OF COUNSEL:
Neal S. Manne
State Bar No. 12937980
S.D. Tex. No. 10209
nmanne@susmangodfrey.com
David Peterson
State Bar No. 24056123
S.D. Tex. No. 882360
dpeterson@susmangodfrey.com
Adam Hockensmith
State Bar No. 24083184
S.D. Tex. No. 2149101
ahockensmith@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666

James M. Garner
State Bar No. 00792312
S.D. TX. No. 13895
jgarner@shergarner.com
Martha Y. Curtis
State Bar No. 24014921
S.D. Tex. No. 14870
SHER GARNER CAHILL RICHTER KLEIN
  & HILBERT, L.L.C.
909 Poydras Street, 28th Floor
New Orleans, Louisiana  70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300

## **CERTIFICATE OF SERVICE**

I certify that on June 4, 2014 this document properly was served on counsel of record via electronic filing in accordance with the USDC, Southern District of Texas Procedures for Electronic Filing.

Robert L. Adams
M. Laura Lopez
1415 Louisiana, Suite 3800
Houston, Texas 77002-7360
Phone: (713) 652-3200
Fax: (713) 652-5720
Larry@SmithAdamsLaw.com
Laura@SmithAdamsLaw.com
*Attorneys for Plaintiffs*

/s/ Eric J. Mayer _____
Eric J. Mayer