UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-1008 |
| | § | |
| TEXAS BRINE COMPANY, LLC, | § § | |
| Defendant. | § | |

## **ORDER**

### **I.**

Before the Court is the defendant's, Texas Brine Company, LLC, motion to dismiss the plaintiffs', National Union Fire Insurance Company of Pittsburgh, PA and American International Specialty Insurance Company, suit for a declaratory judgment. The Court has examined the pleadings and memoranda on file and determines that the motion should be granted.

### **II.**

The plaintiffs, by their suit, seek a declaration as to whether or not their insurance policies, issued over a period of years, provide coverage for claims for damages arising or related to the sinkhole event that occurred near Bayou Corne, Louisiana. Since 1975, the defendant has conducted brine mining operations on a geological formation called the Napoleonville Salt Dome. On or about August 3, 2012, a sinkhole developed on the site and/or surrounding property and near Bayou Corne. Several individuals and entities filed suits against the defendant for damages allegedly caused by the sinkhole. These suits were filed in various state and federal courts in Louisiana commencing in 2012.

In October 2013 and April 2014, the plaintiffs, American International and National Union, accepted the defense of the defendant under policies issued. However, on April 11, 2014, the plaintiffs reversed their decision as to all policies. This reversal triggered the filing of a "third party demands" suit by the defendant against the plaintiffs in the already pending Louisiana litigation. Three days later, the plaintiffs initiated this suit in Texas, seeking a declaration that they owe no duty to defend or indemnify the defendant in the Louisiana litigation.

### III.

The issue before the Court is whether under *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942) and *Wilton v. Seven Falls Co.,* 515 U.S. 277 (1995), this Court should, in the exercise of its discretion, abstain from exercising its jurisdiction in favor of the Louisiana state and federal litigation. The Court is of the opinion, persuaded by the reasoning of Judge Kent in *Frontier Pacific v. Marathon Oil Co.*, 87 F.Supp.2d 719 (S.D. Tex. 2000), and bound by Supreme Court and Fifth Circuit precedent, that it should abstain from exercising jurisdiction over the case. *See Sherwin-Williams Co. v. Holmes County¸* 343 F.3d 383 (5th Cir. 2003).

It is undisputed that there is litigation pending in the state of Louisiana concerning whether the defendant is at all liable for damages caused by the sinkhole. It is equally undisputed that the defendant initiated suit on the question of coverage in the Louisiana court against the plaintiffs when they withdrew acceptance of a defense. The issue(s) raised by the defendant in the Louisiana litigation are not issues governed by federal question jurisdiction. Hence, this Court's jurisdiction arises only under the Declaratory Judgment Act, 28 U.S.C. § 2201. In this circumstance, the Court is not compelled to exercise jurisdiction under the statute

because the issue is squarely before courts of competent jurisdiction and can be better settled in the proceeding pending in those courts. *Brillhart*, 316 U.S. at 494.

    It is therefore ORDERED that the defendant's motion to dismiss be, and it is hereby, GRANTED without prejudice to the defense and coverage issues.

    SIGNED on this 11th day of June, 2014.

_____
Kenneth M. Hoyt
United States District Judge